## 11686

### COOPER v. CROWDER

#### (126 S. E., 436)

CARRIERS—GOODS SHIPPED UNDER UNIFORM ORDER BILL OF LADING NOT SUBJECT TO ATTACHMENT WHILE IN RAILROAD'S WAREHOUSE AT POINT OF DESTINATION.—Cotton, which had been shipped under uniform order bill of lading and had been unloaded at point of destination and stored on railroad's premises for 30-day period, was not, while so stored, subject to attachment, being in the "possession" of the carrier under Act Cong. Aug. 29, 1916, § 23 (U. S. Comp. St. § 8604l).

NOTE: For authorities discussing the question as to whether property in the hands of a carrier for transportation is subject to garnishment, see notes in 28 L. R. A., 601; L. R. A., 1916E, 452.

Before DENNIS, J., Marlboro, August, 1924.   Affirmed.

Action by Horace C. Cooper, trading under the name and style of Cooper & Phillips against L. F. Crowder, trading in the name and style of L. F. Crowder & Son, in which warrant of attachment was issued.   From order dissolving attachment, plaintiff appeals.

*Mr. J. W. LeGrand* for appellant.

*Messrs. McColl & Stevenson* for respondent.

February 12, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The plaintiff, a nonresident, brought action in the Circuit Court against the defendant, also a nonresident, on a claim for commissions alleged to be due for the sale of cotton. The cotton in question was shipped by the defendant under the uniform order bill of lading from Abilene, Tex., to McColl, S. C., with directions to notify the Marlboro Cotton Mills.   The plaintiff attached a part of the cotton in the hands of the Atlantic Coast Line Railroad Company at Mc-Coll, S. C.   His Honor, Judge E. C. Dennis, dissolved the attachment upon the ground that—

"Under the Uniform Bill of Lading Act, section 8604*l*, Compiled Statutes; 39 U. S. Statutes 943 [543], the goods could not be attached under an order notify bill of lading."

From that order, the plaintiff appeals.

The section of the federal statute upon which the ruling of the Circuit Court is based is as follows:

"If goods are delivered to a carrier by the owner or by a person whose act in conveying the title to them to a purchaser for value in good faith would bind the owner, and an order bill is issued for them, they cannot thereafter, while in the possession of the carrier, be attached by garnishment or otherwise or be levied upon under an execution unless the bill be first surrendered to the carrier or its negotiation en-

joined. The carrier shall in no such case be compelled to deliver the actual possession of the goods until the bill. is surrendered to him or impounded by the Court."

The contention of appellant, as we understand it, is in substance that at the time of the attachment the cotton was not "in possession of the carrier" under the order bill. That contention appears to be predicated on the fact, alleged by affidavit, that the cotton had been unloaded at McColl and stored on the premises of the carrier for a period of 30 days and was not in transit when the attachment was issued. It' appears from the affidavit of the station agent, however, that at the time of the seizure the cotton was in "the charge and possession" of the carrier, and that it had moved under an order notify bill of lading. If the cotton was still in possession of the carrier by virtue of the order bill of lading which had been issued for it, the provisions of the federal statute are in terms applicable; and it is not apparent how the fact that the cotton had been in possession of the railroad for 30 days at the point of delivery would affect the rights of the parties interested in the shipment or change the liability of the carrier, or otherwise render the provisions of the statute inapplicable.

We think the ruling of the Circuit Judge was correct, and his order is affirmed.

Messrs. Justices Watts and Fraser concur.

Mr. Chief Justice Gary and Mr. Justice Cothran did not participate.